MITCHELL *v.* FIRST NATIONAL BANK—DETROIT.

This case is controlled by *Schurgin* v. *Bankers Trust Co. of Detroit,* ante, 70.

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted June 13, 1939. (Docket No. 71, Calendar No. 40,452.) Decided September 5, 1939.

Bill by Martha A. Mitchell against First National Bank–Detroit to obtain a moratorium, an injunction, and for other relief. Bill dismissed. Plaintiff appeals. Affirmed.

*Harry J. Lippman,* for plaintiff.

*Robert S. Marx, Laurence I. Levi* and *Thomas L. Conlan,* for defendant.

BUSHNELL, J. Plaintiff, the owner of two vacant lots in the city of Dearborn, mortgaged the same in 1930 to the Peoples' Wayne County Bank. Subsequent to foreclosure, plaintiff's bill of complaint, filed October 26, 1937, for moratorium relief resulted in an order for possession upon the payment of a rental of $30 per month and the extension of the equity of redemption until November 1, 1938, or until further order of the court. Defendant, on November 26, 1938, filed a motion to dissolve the restraining order previously entered and to dismiss plaintiff's bill of complaint on the ground that the premises involved were not a homestead as described in Act No. 98, § 14, Pub. Acts 1933, as added by Act No. 7, Pub. Acts 1938 (Ex. Sess.), (Comp. Laws Supp. 1939, § 14444-17, Stat. Ann. 1939 Cum. Supp. § 27.1333[1]).

The court found that—"the premises in question do not come within the meaning of the language of the moratorium extension act known as House Enrolled Act No. 6 (*sic*) of the special session of the legislature for 1938."

The order for possession was dissolved, the restraining order set aside, and plaintiff's bill of complaint dismissed.

Plaintiff on appeal argues that Act No. 98, § 14, Pub. Acts 1933, as added by Act No. 7, Pub. Acts 1938 (Ex. Sess.) is unconstitutional and void as class legislation. The situation thus presented is controlled by our decision filed June 5, 1939, in *Schurgin* v. *Bankers Trust Co. of Detroit, ante,* 70, wherein we held that the act was constitutional.

The order from which plaintiff appeals is affirmed, with costs to appellee.

BUTZEL, C. J., and WIEST, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.